IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROY RANDALL HARPER (# 42168)                                                    PETITIONER

v.                                                                                              No. 2:05CV11-P-B

DR. DONALD CABANA, ET AL.                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Roy Randall Harper for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections, and housed at the Mississippi State Penitentiary at Parchman, Mississippi. He was convicted of one count of burglary of a dwelling, two counts of grand larceny, and one count of kidnapping in the Second Judicial District of the Circuit Court of Tallahatchie County, Mississippi. The petitioner and his co-defendant, John Woolard, were tried jointly. Harper's appeal was considered jointly with John Woolard's appeal, and the Mississippi Court of Appeals issued one opinion discussing both cases. The petitioner was sentenced as a habitual offender to serve a term of life imprisonment in the Mississippi Department of Corrections for each count – with each life term to be served concurrently with the others, but consecutively to any prior sentence for which petitioner was serving or would be serving in the future. State Court Clerk's Papers (C.P.), pp. 58-59. Appellate counsel appealed petitioner's judgment of conviction and sentences to the Mississippi

Court of Appeals, assigning as error the following:

 A. The Court erred in denying Defendant's Objection to the State of Mississippi striking all men during jury selection. During jury selection, the State struck seven (7) males, through the exercise of peremptory challenges. Defense counsel objected requesting the State of Mississippi to show gender neutral reason for striking those males.

 B. The Court erred in allowing the State to introduce evidence of other items stolen by the Defendant, not listed in the indictment.

 C. The Court erred in requiring the Defendant to be in the Courtroom dressed in Mississippi Department of Corrections inmate uniforms.

 D. The Court erred in allowing the Defendant to be chained and shackled during the trial.

 E. The Court erred in allowing the jury trial to be conducted at the Mississippi State Penitentiary in Parchman, Mississippi.

 F. The Court erred in allowing Ronnie Collins, a Mississippi Department of Corrections employee, to testify giving hearsay testimony.

 G. The Court erred in allowing the introduction of shotgun shells and a shotgun box through the testimony of Ken Gill with the Mississippi Crime Lab.

 H. The Court erred in sentencing the Defendant as a habitual offender.

Two months after appellate counsel submitted the petitioner's appellate brief, the petitioner filed a *pro se* supplemental brief in which he raised and argued the following issues (reproduced here verbatim as stated by the petitioner):

 A. The Court erred in not responding to defendant's motion for psychological evaluation.

 B. The Court erred in sentencing defendant as an habitual offender using insufficient evidence of defendant's having servered one year or more in any state or federal penal institute.

 C. Defendant was given ineffective assistance of counsel.

On June, 2004, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentences. *Harper and Woolard v. State*, 887 So. 2d 817 (Miss. App. 2004) (Cause No. 2002-KA-01903-COA), *reh'g. denied*, October 5, 2004, *cert. denied*, December 2, 2004. Woolard prosecuted a discretionary appeal to the Mississippi Supreme Court. Harper did not.

In the instant Petition for Writ of Habeas Corpus, the petitioner raises the following grounds (reproduced here verbatim as stated by the petitioner):

> **Ground One** - The State used erroneous evidence to substantiate a finding that I was an Habitual Offender.
>
> **Ground Two** - State used a Miss. conviction which I have served no time on to substantiate habitual offender finding.

**Discussion**

The claims presented by Harper as Grounds One and Two in the instant petition have never been presented to the state's highest court. Grounds One and Two of the instant petition were reviewed and denied by the Mississippi Court of Appeals in its June 22, 2004, opinion. Harper had the right to seek further review in the Mississippi Supreme Court, but he failed to do so. He did not petition the Mississippi Court of Appeals for rehearing, nor did he seek a writ of *certiorari* in the Mississippi Supreme Court.

An appellant has no right for the Mississippi Supreme Court to review his case, but he certainly has the right to seek such review. *Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997), *abrogated on other grounds by Jackson v. State,* 732 So. 2d 187 (Miss. 1999); *see also Cohen v. State,* 732 So. 2d 867, 871 (Miss. 1999). In the instant case, Harper failed to file a petition for rehearing in the Mississippi Court of Appeals, thus foreclosing his ability to file a petition for writ of *certiorari* under M.R.A.P. 17(b). As the petitioner did not seek discretionary review with

the Mississippi Supreme Court, he has failed to exhaust his state court remedies as required by 28 U.S.C § 2254(c); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999). In addition, the petitioner cannot now exhaust Grounds One and Two of the instant petition because the time for filing a petition for *certiorari* review has expired. M.R.A.P. Rule 40 and M.R.A.P. 17(b). Thus, a return to state court now would be futile. Therefore, the petitioner's claims in Grounds One and Two of the instant petition are procedurally barred under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and shall be dismissed with prejudice. *O'Sullivan*, 119 S.Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The petitioner has not shown "cause" under the "cause and prejudice" test necessary for the court to reach the merits of these claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims as a ground for relief in a petition for writ of certiorari in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). As the petitioner has not shown "cause," the court need not consider whether the petitioner suffered actual prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Finally, dismissing this case on procedural grounds will not result in a "fundamental miscarriage of justice" because the petitioner has not shown that "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Indeed, the petitioner does not even argue that he is innocent of the crime. For these reasons, the instant petition for a writ of *habeas corpus* shall be

dismissed with prejudice as procedurally barred. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 16th day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE